People v Fonseca (2022 NY Slip Op 06444)

People v Fonseca

2022 NY Slip Op 06444

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Ind. No. 2699/14 Appeal No. 16641 Case No. 2018-1974 

[*1]The People of the State of New York, Respondent,
v
Rigoberto Fonseca, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Sean Nuttall of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Cynthia A. Carlson of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered August 2, 2017, convicting defendant, after a jury trial, of attempted gang assault in the first degree and assault in the third degree, and sentencing him to an aggregate term
of 5½ years with 4 years' postrelease supervision, unanimously affirmed.
The court did not unfairly restrict defense counsels' questioning of prospective jurors regarding the presumption of innocence, burden of proof, and right to remain silent (see generally CPL 270.15[1][c]; People v Steward, 17 NY3d 104, 110 [2011]). The court repeatedly secured prospective jurors' assurances that they would follow these rules and apply the law as instructed, and defense counsel had numerous opportunities to ask follow-up questions. In view of this, the court's time limits on questioning were appropriate exercises of discretion under the circumstances (see Steward, 17 NY3d at 110-11).
The court also did not unfairly restrict defense counsels' questioning of prospective jurors regarding the law of justification. Counsel had ample opportunity to ask prospective jurors about their experiences with and views regarding fighting and to elicit their assurances that people had a right to defend themselves. The court was not required to additionally provide a specific instruction regarding the justification defense, nor did counsel explicitly request one (see People v Marlett, 191 AD3d 1183, 1187 [3d Dept 2021], lv denied 37 NY3d 966 [2021]).
Although the court should have granted defense counsels' request to "briefly discuss the concept of accessorial liability . . . in connection with the prospective jurors' ability to follow the court's instructions" (see People v Thomas, 298 AD2d 187, 188 [1st Dept 2002], lv denied 99 NY2d 585 [2003]), defendant was not prejudiced by this omission, and thus reversal is not warranted (see Steward, 17 NY3d at 113). All seated jurors promised to apply the law as instructed, the law of accomplice liability was adequately explained at trial, defendant's involvement in the fight was established by overwhelming evidence, and defendant was acquitted of several charges of which his codefendants were convicted.
Although the court sometimes disagreed with or corrected defense counsel, its remarks did not rise to the level of denigration.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022